**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin VIBANCO–SANCHEZ,**
**Appellant.**

**No. 00–1002.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 21, 2001.

Filed Feb. 28, 2001.

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Benjamin Vibanco–Sanchez pleaded guilty to a drug conspiracy charge, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to criminal forfeiture. The district

court[1] sentenced him to 151 months imprisonment and 5 years supervised release. On appeal, Vibanco–Sanchez's counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising only the issue whether the district court erred in granting Vibanco–Sanchez a 2–level rather than 3–level acceptance-of-responsibility reduction. Vibanco–Sanchez has not filed a pro se supplemental brief.

Vibanco–Sanchez stipulated at sentencing to a total offense level of 34, *see United States v. Nguyen,* 46 F.3d 781, 783 (8th Cir.1995); and in any event, the district court did not clearly err in denying the additional 1–level reduction, *see United States v. Holt,* 149 F.3d 760, 762 (8th Cir. 1998) (standard of review), despite the government's plea-agreement stipulation indicating that Vibanco–Sanchez had timely notified authorities of his intent to plead guilty, *see* U.S.S.G. §§ 3E1.1(b), 6B1.4(d), p.s.; *United States v. Nunley,* 873 F.2d 182, 187 (8th Cir.1989) (plea-agreement stipulation that defendant timely accepted responsibility does not bind sentencing court).

Having found no non-frivolous issues upon our review of the record, *see Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we now affirm and grant counsel's motion to withdraw.

---

1. The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska.